UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KATHLEEN HENDERSON                          CIVIL ACTION

VERSUS                                      NO. 06-6478

LOUISIANA FARM BUREAU MUTUAL                SECTION "C" (5)
INSURANCE COMPANY

ORDER AND REASONS

This matter comes before the Court on the issue of whether this Court has subject

matter jurisdiction in this removed case.   Having determined that the defendant has

not shown that subject matter jurisdiction exists, this matter is hereby REMANDED to

state court pursuant to 28 U.S.C. § 1447(c).

The parties may neither consent to nor waive federal subject matter jurisdiction.

Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the

removing party are insufficient to invest a federal court of jurisdiction.  Asociacion

Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v.

Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685

(1994).  Instead, the Fifth Circuit advises the district courts that they should review their

subject matter jurisdiction in cases such as this.  Id.; Luckett v. Delta Airlines, Inc., 171

F.3d 295 (5th Cir. 1999).

In this matter, the removal by Louisiana Farm Bureau Mutual Insurance

Company ("Louisiana Farm Bureau") was based on subject matter jurisdiction under

the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. § 1369 ("MMTJA") and 28

U.S.C.  1441(e), due to the pendency of similar litigation in which the Louisiana Farm

Bureau is a defendant, Abadie v. Aegis Security Insurance Co., Civil Action No. 06-5164

"K" (2).  The Court has previously rejected the arguments presented by the defendant

and determined that the MMTJA does not provide a basis of jurisdiction under the

circumstances presented here.  Fidelity Homestead Assn. v. Hanover Insurance Co., 458

F.Supp.2d 276 (E.D.La. 2006).   There is no issue that diversity jurisdiction is lacking

here since both parties share Louisiana citizenship.

In addition, the Court is mindful that removal jurisdiction is strictly construed.

See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792

F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller

& E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter

jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C

*Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter be and hereby is REMANDED to the 34th

Judicial District Court for the Parish of St. Bernard, State of Louisiana, due to a lack of

subject matter jurisdiction under 28 U.S.C. § 1447(c).


New Orleans, Louisiana, this 11th  day of January, 2007.

                                  HELEN G. BERRIGAN
                                  UNITED STATES DISTRICT JUDGE